IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON I. BROWN | : | CIVIL ACTION |
| v. | : | |
| GEORGE PATRICK, et al. | : | NO. 07-cv-4812 |

### MEMORANDUM AND ORDER

**Ludwig, J.**                                                                                           **December 21, 2007**

The Antiterrorism and Effective Death Penalty Act of 1996, known as "AEDPA," and codified as 28 U.S.C. §§2241-2266, concerns the rights of individuals in state or federal custody to file a petition for the issuance of a federal writ of habeas corpus. The petitioner seeks to be released on the ground that the petitioner's rights guaranteed by the United States Constitution, or a federal law, or a treaty entered into by the United States, were violated. Habeas corpus petitions under AEDPA are the sole sources of this type of relief. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

Congress deliberately created a series of restrictive gate-keeping conditions in AEDPA that must be satisfied before a petitioner may prevail on a writ of habeas corpus. One is the Act's strict statute of limitations. Another is the "second or successive rule" that generally prohibits the filing of a habeas petition if a prior one was dismissed with prejudice. For purposes of the second or successive rule, the concept of "dismissal on the merits" includes a dismissal after a consideration on the merits, Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999); a dismissal as time-barred under AEDPA's statute of limitations,

<u>Duncan v. Walker</u>, 533 U.S. 157 (2001); or, a dismissal on grounds of procedural default.[1]

Under AEDPA, a petitioner must obtain permission from the court of appeals before filing a second or successive petition in the district court. 28 U.S.C. § 2244(b)(3)(A). Without this permission, the district court lacks subject matter jurisdiction. <u>Villot v. Varner</u>, 373 F.3d 327 (3d Cir. 2004); <u>Holloway v. Horn</u>, 355 F.3d 707 (3d Cir. 2004); <u>Jones v. Morton</u>, 195 F.3d 153 (3d Cir. 1999). The strict requirements of the second or successive rule were enacted to implement the Congressional policy of finality with respect to state and federal criminal prosecutions involving constitutional issues. <u>Woodford v. Garceau</u>, 538 U.S. 202 (2003); <u>Duncan v. Walker</u>, 533 U.S. 167 (2001); <u>Crews v. Horn</u>, 360 F.3d 146 (3d Cir. 2004).

Here, petitioner has filed two previous 28 U.S.C. §2254 petitions in this court, at No. 86-cv-3667 and No. 93-cv-0732, respectively, which attacked the same conviction and sentence as that presented in this action, No. 07-cv-4812. The first petition, No. 86-cv-3667, was dismissed for failure to exhaust state court remedies, which does not serve as a merits consideration. The second petition, No. 93-cv-0732, was dismissed on the merits of the claims presented. Accordingly, the second or successive rule is applicable. Because petitioner has not obtained the Circuit Court's permission to file this petition, it must be dismissed.

---

[1] A procedural default occurs when a § 2254 petitioner with the right to appeal a state court conviction or sentence, or the right to file an application for post-conviction relief from the conviction or sentence does not do so, and the state court's procedural rules prohibit any further filings as time-barred. <u>In re Cook</u>, 215 F.3d 606 (6th Cir. 2000). This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts. <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).

Accordingly, this 21st day of December, 2007, it is hereby ordered that this civil action is dismissed with prejudice for lack of subject matter jurisdiction, and the Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter closed for all purposes.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.